**In re FEDERAL ENERGY REGULATORY COMMISSION, Order Denying Rehearing, The Yakama Nation V. Public Utility District No. 2 of Grant County, Washington, 103 FERC 61,073, Issued on April 16, 2003**

**Public Utility District No. 2 Of Grant County, Washington v. Federal Energy Regulatory Commission, D.C. Circuit, No. 03-1112**

**Yakama Nation v. Federal Energy Regulatory Commission, Ninth Circuit, No. 03-71825**

**No. RTC–65.**

Judicial Panel on Multidistrict Litigation.

Aug. 11, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### *ORDER STRIKING NOTICE OF MULTICIRCUIT PETITIONS FOR REVIEW*

WM. TERRELL HODGES, Chairman.

The Federal Energy Regulatory Commission (FERC) issued an order dated April 16, 2003. On June 18, 2003, the Panel filed, pursuant to 28 U.S.C. § 2112(a)(3), a notice of multicircuit petitions for review of that order. The notice included two petitions for review, one each pending in Courts of Appeals for the District of Columbia Circuit and for the Ninth Circuit.

In order to trigger the random selection procedures under Section 2112(a)(3), the petitions for review included in FERC's notice to the Panel must meet strict statutory requirements. First, the petitions for review must be filed in the court of appeals and received by the agency within ten days of the agency order.[1] Based upon information supplied by FERC in its notice of multicircuit petitions for review, both petitions now before the Panel were filed in each court of appeals and received by FERC within the ten day statutory window. Second, petitions for review must be "stamped by the court with the date of filing," and then, these file-stamped petitions must be received by the agency "from the persons instituting the proceedings." 28 U.S.C. § 2112(a). A review of FERC's notice—including the attached petitions for review—reveals that while the Ninth Circuit petition satisfies both of these statutory requirements,[2] the District of Columbia Circuit petition clearly does not exhibit the requisite circuit court "filed or received" stamp.[3] Accordingly, the District of Columbia Circuit petition for re-

---

**1.** Under Fed.R.App.Pro. 26(a), when computing time, exclude the day of the act or event that begins the period, exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than eleven days, and include the last day of the period unless it is a Saturday, Sunday, or legal holiday or—if the act to be done is filing a paper in court—a day on which the weather or other conditions make the clerk's office inaccessible. Ten days from the issuance of the FERC order was April 30, 2003.

**2.** This petition for review is stamped "received" by the Court of Appeals for the Ninth Circuit on April 28, 2003 and was faxed by petitioners to FERC; the fax machine electronically noted receipt by FERC on April 28, 2003.

**3.** The Panel deems a petition for review to be filed when received by the clerk of the court of appeals. Fed.R.App.Pro. 25(a)(2)(A). (Filing ... is not timely unless the clerk receives the papers within the time fixed for filing.) RTC–29–*In re National Labor Relations Board, California Saw and Knife Works*, 320 NLRB No. 11, Issued on January 26, 1996, 936 F.Supp. 1091 (Jud.Pan.Mult.Lit.1996).

view does not meet the statutory criteria for inclusion in the notice.

IT IS THEREFORE ORDERED that this notice of multicircuit petitions for review, pursuant to 28 U.S.C. § 2112(a)(3), is stricken.